UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HK METAL RECYCLING HOLDING LTD; and, HKRR, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No: 1:11-CV-298 |
| STEVEN GILBERT; and GLOBAL RECYCLING, INC., | ) ) ) ) |
| Defendants. | ) ) ) |
| STEVEN GILBERT; and GLOBAL RECYCLING, INC., | ) ) ) ) |
| Counter-claim Plaintiffs/ Third Party Plaintiffs, | ) ) ) |
| v. | ) ) |
| HK METAL RECYCLING HOLDING LTD, HKRR, LLC, and | ) ) ) |
| Counter-claim Defendants, | ) ) |
| v. | ) ) |
| HUGHES CHAN A/K/A CHAN YU | ) ) |
| Third Party Defendant. | ) |

**OPINION AND ORDER**

This case was removed to this Court from the Allen Superior Court by

Defendants/Counter-claim and Third Party Plaintiffs, Steven Gilbert and Global Recycling, Inc.,

based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 3.)  The Notice of

Removal alleges that, upon information and belief, Third Party Defendant Hughes Chan a/k/a

Chan Yu is the sole member of HKRR, LLC.  (Notice of Removal ¶ 5.)  The Notice of Removal further alleges that, upon information and belief, Third Party Defendant Hughes Chan is a citizen of Hong Kong.  (Notice of Removal ¶ 6.)

Defendant's jurisdictional allegations, however, inadequately set forth the membership of HKRR, LLC, and Chan's citizenship.  It is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge."  *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).  The membership of HKRR, LLC, is critical because a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members."  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).   As a member of HKRR, LLC, Defendants must properly allege Chan's citizenship as well.  Therefore, the Court must be advised of all the members of HKRR, LLC, and their citizenship to ensure that none of its members share a common citizenship with the other parties. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).  Moreover, citizenship must be "traced through multiple levels" for those members of the limited liability company who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Merely alleging, upon information and belief, that Chan is the sole member of HKRR, LLC, and

a citizen of Hong Kong is insufficient to establish diversity jurisdiction.  Consequently, the Defendants must amend their Notice of Removal with respect to its allegations that Chan is the sole member of HKRR, LLC, and as to Chan's citizenship.

Therefore, the Defendants are ORDERED to file an amended Notice of Removal on or before September 29, 2011, properly alleging on personal knowledge the membership of HKRR, LLC, and the citizenship of Third Party Defendant Hughes Chan a/k/a Chan Yu.

SO ORDERED.

Entered this 8th day of September, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge