UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| HK METAL RECYCLING HOLDING LTD; and, HKRR, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No: 1:11-CV-298 |
| STEVEN GILBERT; and GLOBAL RECYCLING, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| STEVEN GILBERT; and GLOBAL RECYCLING, INC., | ) ) ) ) | |
| Counter-claim Plaintiffs/ Third Party Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| HK METAL RECYCLING HOLDING LTD, HKRR, LLC, and | ) ) ) | |
| Counter-claim Defendants, | ) ) ) | |
| v. | ) ) | |
| HUGHES CHAN A/K/A CHAN YU | ) ) | |
| Third Party Defendant. | ) | |

**OPINION AND ORDER**

This case was removed to this Court from the Allen Superior Court by Defendants/Counter-claim and Third Party Plaintiffs, Steven Gilbert and Global Recycling, Inc., based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 3.) As the first Notice of Removal was jurisdictionally inadequate, this Court ordered Defendants to file an

amended Notice of Removal properly alleging on personal knowledge the membership of HKRR, LLC, and the citizenship of Third Party Defendant Hughes Chan a/k/a Chan Yu. (Docket # 8.)  While the Amended Notice of Removal now properly alleges the membership of HKMR, LLC, it alleges that Third Party Defendant Chan, the sole member of HKMR, "resides" in Hong Kong and that Ko Yuk Ping, the sole director of HKMR, is "an individual residing" in Hong Kong.  (Am. Notice of Removal ¶¶ 6-7.)

Defendants' jurisdictional allegations, however, inadequately set forth the citizenship of Hughes Chan and Ko Yuk Ping.  This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332.  "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit."  *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency.  As to both Third Party Defendant Chan and Ko Yuk Ping, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

Therefore, the Defendants are ORDERED to file a further amended Notice of Removal on or before October 13, 2011, properly alleging on the citizenship of Third Party Defendant Hughes Chan a/k/a Chan Yu and Ko Yuk Ping.

SO ORDERED.

Entered this 28th day of September, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge